UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

CHAD ALLEN KINNEY,

Plaintiff,

v.                                                   CAUSE NO. 2:26-CV-021-JTM-AZ

LEE, SICKAFOOSE, TEE,

Defendants.

OPINION AND ORDER

Chad Allen Kinney, a prisoner without a lawyer, filed a complaint. (DE # 1.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Kinney alleges that when he arrived at the Allen County Jail on December 26, 2024, he had screws in his upper jaw. He claims he can't eat anything hard and gets open, bleeding sores in his mouth when he does "that take a few days to heal." (DE # 1 at 2.) Dr. Lee initially put Kinney on a "liquid diet," but he lost too much weight, so he was switched to a "soft diet with no dry cereal." *Id*. He was receiving the correct diet—including oatmeal for breakfast—until a kitchen worker named Ms. Tee "started getting

mad about having to cook me oatmeal." *Id.* at 3. She spoke with Captain Sickafoose and had him get approval for "a diet with dry cereal and 3 milks" instead. *Id.* On or about January 3, 2026, Kinney was taken off double portions and told to "let the cereal sit for 45 minutes" before eating it. *Id.* Kinney claims the cereal doesn't soften up enough, so it makes his mouth bleed. He says the milk is "warm and nasty" after sitting out for so long. *Id.* Kinney takes issue with the fact that Dr. Lee changed the parameters of his soft diet without seeing him in-person first. According to Kinney, he doesn't get a "full breakfast or lunch or dinner depending on what there (sic) having." *Id.* Kinney has sued Dr. Lee, Captain Sickafoose, and Ms. Tee for monetary damages and injunctive relief in the form of "a diet [he] can eat" and the firing of Dr. Lee. *Id.* at 5.

Kinney states he is a pretrial detainee, so his claims must be analyzed under the Fourteenth Amendment. *See generally Miranda v. Cty. of Lake*, 900 F.3d 335 (7th Cir. 2018). Under that standard, he is entitled to constitutionally adequate medical care for his serious medical needs, which requires jail staff to take "reasonable available measures" to address a "risk of serious harm" to an inmate's health or safety. *Pittman v. Madison Cnty.*, 108 F.4th 561, 572 (7th Cir. 2024). "An objectively serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (internal quotation marks and citation omitted).

Whether a defendant is providing reasonable care is determined by a purely objective standard. *Pittman*, 108 F.4th at 572. First, the plaintiff must allege the

defendant performed a volitional act or made a deliberate choice not to act. *Id.* at 570.

"This framing asks strictly whether the defendant intended to commit the physical act

that caused the alleged injury." *Id.* "[L]iability for *negligently* inflicted harm is

categorically beneath the threshold of constitutional due process." *Kingsley v.*

*Hendrickson*, 576 U.S. 389, 396 (2015) (quotation marks omitted). Then, the

reasonableness of that action or inaction is assessed based on whether "reasonable

[individuals] under the circumstances would have understood the high degree of risk

involved, making the consequences of the defendants' conduct obvious." *Pittman*, 108

F.4th at 572 (emphasis omitted). Whether the defendant actually knew that his action or

inaction would cause harm is irrelevant under the Fourteenth Amendment. *Id.* "[W]hen

evaluating whether challenged conduct is objectively unreasonable, courts must focus

on the totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020)

(quotation marks omitted).

Here, Kinney claims he has screws in his jaw that cause pain and bleeding when

he eats hard food, which he is being forced to do at the jail. Thus, Kinney has plausibly

stated he has an objectively serious medical need. *Wynn*, 251 F.3d at 593. Additionally,

according to Kinney, Dr. Lee made the decision to change his diet from all soft foods to

one containing hard cereal on January 3, 2026, in order to appease the kitchen workers

and jail staff rather than for any sound medical purpose. Kinney also claims the

addition of hard cereal into his diet is causing him pain, bleeding, and loss of nutrition.

Taking these allegations as true—which the court must do at this early stage—Kinney

has plausibly alleged Dr. Lee's actions were objectively unreasonable, so he has stated a

3

viable Fourteenth Amendment claim against him. *See, e.g., Pittman*, 108 F.4th at 570–72. However, the same cannot be said for the remaining defendants. Kinney admits the new diet was approved by Dr. Lee. Whatever reasons Captain Sickafoose and Ms. Tee had for wanting Kinney's diet to be changed, it wasn't objectively unreasonable to submit the diet request to Dr. Lee and then rely on the final decision of the medical department when preparing and serving Kinney's meals. *See id.* at 572 (once the diet was approved by medical staff, reasonable individuals "would [not] have understood the high degree of risk involved"); *see also Eagan v. Dempsey*, 987 F.3d 667, 694 (7th Cir. 2021) (quoting *Miranda*, 900 F.3d at 343) (non-medical prison officials generally do not violate the Constitution so long as they "reasonably relied on the judgment of medical personnel"). Thus, these defendants will be dismissed.

In addition to monetary damages, Kinney seeks permanent injunctive relief in the form of a "diet I can eat." (DE # 1 at 5.) Although it is difficult to assess whether he is likely to succeed in proving that his current diet as prescribed by Dr. Lee violates the Constitution—which requires more than a showing of negligence or even gross negligence, *Miranda*, 900 F.3d at 353-54—giving him the benefit of the inferences to which he is entitled at the pleading stage, Kinney has alleged enough to proceed on a Fourteenth Amendment claim to ensure he is receiving a constitutionally adequate diet going forward. Because the Allen County Sheriff is the appropriate person to ensure Kinney receives the medically necessary diet he is entitled to under the Fourteenth Amendment, the clerk will be directed to add him as a defendant. *See Daniel v. Cook Cty.*, 833 F.3d 728, 737 (7th Cir. 2016); *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir.

4

2011). Kinney will be permitted to proceed against the Sheriff in his official capacity solely for injunctive relief related to his need for a constitutionally adequate and medically necessary diet.

That said, in the prison context, the court's ability to grant injunctive relief is significantly circumscribed; any remedial injunctive relief "must be narrowly drawn, extend no further than necessary to remedy the constitutional violation, and use the least intrusive means to correct the violation of the federal right." *Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012) (citations and internal quotation marks omitted). Therefore, Kinney's specific requests—such as mandating only soft cereal—may not ultimately be determined necessary to comport with the Constitution.

For these reasons, the court:

(1) DIRECTS the clerk to add the Allen County Sheriff in his official capacity as a defendant;

(2) GRANTS Chad Allen Kinney leave to proceed against Dr. Lee in his individual capacity for compensatory and punitive damages for denying him a diet that meets his nutritional and medical needs related to the screws in his jaw since January 3, 2026, in violation of the Fourteenth Amendment;

(3) GRANTS Chad Allen Kinney leave to proceed against the Allen County Sheriff in his official capacity to ensure he is provided with a nutritionally adequate and medically appropriate diet related to the screws in his jaw that comports with the Fourteenth Amendment;

(4) DISMISSES all other claims;

5

(5) DISMISSES Captain Sickafoose and Ms. Tee;

(6) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Dr. Lee at Quality Correctional Care, LLC, with a copy of this order and the complaint (DE # 1);

(7) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) the Allen County Sheriff at the Allen County Sheriff's Department, with a copy of this order and the complaint (DE # 1);

(8) ORDERS Quality Correctional Care, LLC, and the Allen County Sheriff's Department to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(9) ORDERS, under 42 U.S.C. § 1997e(g)(2), Dr. Lee and the Allen County Sheriff to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED.**

Date: June 15, 2026

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT

6